UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW JOHN LYNGEN, | Civil No. 07-2544 (JNE/JJG) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, and JOAN FABIAN, Commissioner of Corrections, | |
| Respondents. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the applicable federal statute of limitations. The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On April 26, 2004, Petitioner pled guilty to second degree criminal sexual conduct in the state district court for Hennepin County, Minnesota. (Petition, [Docket No. 1], p. (1), ¶s 1, 2 and 4.) Petitioner describes his sentence as follows: "Furlough after 120 day. Register as

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

s.o. sex offender treatment obligation 240 days Hennepin County workhouse, 12 years probation, 21 months D.O.C. with 5 years conditional release with 5 years prison or more." (Id., ¶ 3.) Petitioner is currently incarcerated at the Minnesota Correctional Facility in St. Cloud, Minnesota.

Petitioner did not file a direct appeal following his conviction and sentencing, and he has never filed any application for post-conviction relief in the Minnesota state courts. (Petition, pp. (1)-(2), ¶s 8-10.) It appears that Petitioner's current federal habeas corpus petition is his first request for any judicial review of his conviction or sentence. (Petition, p. (6), ¶ 13.)

The present petition lists several grounds for relief, (in a rather sprawling and disjointed fashion). Petitioner obviously believes that he is innocent of any crime, and that his guilty plea should be vacated, but he has not clearly identified and explained each specific claim for relief that he is attempting to advance here.

It is clear, however, that Petitioner's habeas corpus petition was not filed within the one-year statute of limitations prescribed by federal law. Therefore, Petitioner's claims will not be addressed on the merits, and the Court will instead recommend that this action be summarily dismissed due to untimeliness.

**II. DISCUSSION**

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. The statute provides that:

"**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.  Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner is challenging a judgment entered against him on April 26, 2004. (Petition, p. (1), ¶ 2.) Because he did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was July 25, 2004 – 90 days after the judgment was entered. The deadline for seeking federal habeas corpus relief expired one year later, on July 25, 2005. Petitioner did not file his current petition, however, until May 29, 2007, which was nearly two years after the limitations period had expired. It is therefore readily apparent that the present petition is time-barred, unless the statute of limitations was somehow tolled.

The tolling provisions of 28 U.S.C. § 2244(d)(2) obviously cannot help Petitioner, because he has never applied for any post-conviction relief in the state courts. (Petition, p. (2), ¶ 10.) The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations

must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Id</u>. at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has made no effort to show that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner. He vaguely notes that he did not have the "information/address" and "access to this form," (Petition, p. (4), ¶ 11(d)), but that clearly is <u>not</u> the type of excuse that can warrant equitable tolling. <u>See id</u>. ("in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred under 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that this action be dismissed with prejudice.[2]

---

[2] The Court notes that even if this action were not time-barred, it still would have to be summarily dismissed because of two other fatal flaws. First, Petitioner has not adequately

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Dated June 4, 2007                           s/Jeanne J. Graham

                                             _____
                                             JEANNE J. GRAHAM
                                             United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 22, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.

---

shown that any of his grounds for relief are based on federal constitutional principles, as required by 28 U.S.C. § 2254(a). See Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"). Second, Petitioner obviously did not present any of his current claims for relief to the Minnesota state courts, before bringing them here, as required by 28 U.S.C. § 2254(b). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for his federal constitutional claims).