UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Matthew John Lyngen,

       Petitioner,

v.                                                                       Civ. No. 07-2544 (JNE/JJG)
                                                                     ORDER

State of Minnesota and Joan Fabian,
Commissioner of Corrections,

       Respondents.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). In a Report and Recommendation dated June 4, 2007, the Honorable Jeanne J. Graham, United States Magistrate Judge, recommended that the petition be denied and that this action be dismissed with prejudice. Petitioner objected to the Report and Recommendation. Based on a de novo review of the record, the Court adopts the Report and Recommendation. *See* D. Minn. LR 72.2(b).

An appeal may not be taken from a final order denying a petition under section 2254 without a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A) (2000); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained how a federal district court should determine an applicant's eligibility for a COA in a case involving dismissal of a habeas petition on procedural grounds, rather than on the merits:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

529 U.S. at 484.

For the reasons set forth in the Report and Recommendation, the petition is time-barred. Jurists of reason would not find the applicability of the one-year limitations period to the petition debatable.  Accordingly, Petitioner is not entitled to a COA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus [Docket No. 1] is DENIED.

2. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 2, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge